# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 12-01** |
| **THOMAS HANKTON** | **SECTION: "P" (5)** |

## <u>ORDER</u>

Before the Court are two motions filed by Defendant, Thomas Hankton, on his own behalf: (1) a motion[1] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255; and (2) a motion[2] for expedited review of his § 2255 motion. Because Mr. Hankton is represented by counsel, he "does not have the right to file *pro se* motions."[3] Indeed, "there is no constitutional right to hybrid representation."[4] Accordingly, the Court concludes Mr. Hankton's motions *pro se* motions should be stricken from the record and disregarded.[5,6]

---

[1] R. Doc. 2576.

[2] R. Doc. 2573.

[3] *United States v. Jones*, 842 F. App'x 878 (5th Cir. 2021).

[4] *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996); *see also United States v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir. 1999).

[5] *See, e.g.*, *United States v. Lopez*, 313 F. App'x 730, 731 (5th Cir. 2009) ("[A]s Lopez acknowledges, he was represented by counsel at the time he filed the motion . . . As such, Lopez's pro se motion to dismiss was an unauthorized motion and the district court properly disregarded it." (internal citation omitted)); *United States v. Alvarado*, 321 F. App'x 399, 400 (5th Cir. 2009) ("Alvarado argues for the first time on appeal that the district court abused its discretion by striking his pro se motion ... Because Alvarado was represented by counsel in the district court, he was not entitled to file a pro se motion on his own behalf."); *United States v. House*, 144 F. App'x 416, 417 (5th Cir. 2005) ("House was represented by counsel in the district court. Therefore, she could not file a pro se motion, and the district court properly struck her pro se motion without addressing the ... claim.").

[6] The Court notes that it currently has under advisement the motion for compassionate release filed on Mr. Hankton's behalf by his counsel. *See* R. Doc. 2474. Although the Court has not yet ruled on Mr. Hankton's motion for compassionate release, the Court is carefully considering the facts and arguments presented by both parties and will issue a ruling as soon as practicable given the other demands of the Court's docket.

**IT IS THEREFORE ORDERED** that Defendant Thomas Hankton's *pro se* motions (R. Docs. 2573 & 2576) are hereby **STRICKEN**.

New Orleans, Louisiana, this 24th day of April 2025.

                                               _____

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**