UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-01 |
| THOMAS HANKTON | SECTION: "P" (5) |

### ORDER AND REASONS

Before the Court is Thomas Hankton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (R. Doc. 2576). The Government opposes[1] the motion, and Mr. Hankton filed a reply[2] memorandum in support of his motion. Having considered the parties' memoranda, the record, and the applicable law, the Court denies Mr. Hankton's motion, without prejudice, for the reasons stated below.

**I.    BACKGROUND**

On May 16, 2016, Thomas Hankton pled guilty to Counts 1, 2, and 15 of the Third Superseding Indictment in this matter, which charged Mr. Hankton with conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to contribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 841(b)(1)(D), and 846 (Count 2); and assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3) (Count 15).[3] Prior to entering his guilty plea, Mr. Hankton and the United States entered into a plea agreement, wherein the parties agreed, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that a sentence of 25 years (300 months) imprisonment as to Counts 1 and 2 and 20 years (240 months) imprisonment as to Count 15, all to be served concurrently, was an appropriate disposition of this

---

[1] R. Doc. 2608.
[2] R. Doc. 2611.
[3] R. Doc. 1370 (Re-arraignment Minute Entry); R. Doc. 670 (Third Superseding Indictment).

case for Thomas Hankton.[4] It was also agreed that Mr. Hankton would be placed on supervised release for at least 10 years following his release from imprisonment.[5]

On October 12, 2016, the district judge presiding over the case at that time accepted the parties' plea agreement and sentenced Mr. Hankton accordingly.[6] The judge also ordered that Mr. Hankton was to receive a 127-month credit for time served as to Counts 1 and 2. This credit did not apply to Count 15.[7] Nevertheless, the Bureau of Prisons ("BOP") mistakenly applied the 127-month credit to all three counts of conviction and, on May 14, 2023, erroneously released Mr. Hankton from BOP custody before he had served his full sentence as to Count 15. Mr. Hankton then began serving his 10-year term of supervised release.

On March 27, 2024, at a pre-scheduled meeting with his probation officer, Mr. Hankton was informed that BOP had miscalculated his sentence and that he was being taken back into BOP custody that day. In July of 2024, Mr. Hankton filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), wherein he argues that his erroneous early release and his demonstrated rehabilitation and successful reintegration into society constitute extraordinary and compelling reasons justifying a modification to original sentence on Count 15 to allow for his release from prison.[8] This motion is currently under submission, and the Court has not yet ruled on the motion.

On March 12, 2025, Mr. Hankton filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[9] He argues that his constitutional rights were violated on March 27, 2024, when, without notice and without a hearing before any court of law, his

---

[4] R. Doc. 1368.
[5] Id.
[6] See R. Doc. 1761.
[7] Id.
[8] R. Doc. 2474.
[9] R. Doc. 2576.

supervised release was unilaterally revoked by the Government, and he was unlawfully taken into BOP custody by the U.S. Marshals.[10]

## II.  LAW AND ANALYSIS

Section 2255 permits a prisoner in custody under a sentence imposed by a federal court to move the sentencing court to vacate, set aside, or correct the sentence on grounds that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, that the sentence imposed was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.[11]  Thus, a motion pursuant to § 2255 is the mechanism by which a prisoner can challenge the *validity* of his conviction and sentence based on errors "that occurred 'at or prior to sentencing.'"[12] Any challenge to the manner in which a sentence is carried out or executed, however, must be raised in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[13]

Because Mr. Hankton is not challenging the validity of the sentence imposed by this Court but is instead challenging the execution of his sentence and the manner in which he was returned to prison following his erroneous release, he is not entitled to relief under § 2255.[14]  The Court makes no determination as to whether Mr. Hankton is entitled to relief under § 2241.  "[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241

---

[10] *See* R. Doc. 2576; R. Doc. 2611.
[11] 28 U.S.C. § 2255(a).
[12] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)).
[13] *Id.* ("A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief. A section § 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out . . ..");  s*ee also U.S. v. Tubwell*, 37 F.3d 174, 177 (5th Cir. 1994) (construing a prisoner's motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 instead of a § 2255 motion "because he is challenging the manner in which his sentence is being executed rather than the validity of his conviction and sentence").
[14] Mr. Hankton concedes his motion raises challenges to execution of his sentence, specifically the manner in which he was returned to prison following his erroneous release, and that he is not challenging the validity of the sentence imposed by this Court. *See* R. Doc. 2611 at 2, ¶ 3.

petition,"[15] and Mr. Hankton is currently in custody at FCI Coleman Low, which is outside of this Court's territorial jurisdiction. Thus, having no authority to grant Mr. Hankton relief under § 2241, it would be futile for this Court to construe Mr. Hankton's § 2255 motion as a § 2241 petition.

### III. CONCLUSION

Mr. Hankton's claims are not cognizable under § 2255 as they do not challenge the validity of the sentence imposed upon him by this Court. His motion is denied without prejudice solely for this reason. The Court does not consider the merits of his claims attacking the execution of his sentence and the manner in which he was returned to BOP custody following his erroneous release. These challenges must be raised in a § 2241 petition and filed in the district where Mr. Hankton is incarcerated, i.e., the Middle District of Florida. For these reasons,

**IT IS ORDERED** that Thomas Hankton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (R. Doc. 2576) is **DENIED WITHOUT PREJUDICE**. The Clerk of Court shall close the civil action associated with Mr. Hankton's § 2255 proceeding (2:25-cv-00537-DJP).

**IT IS FURTHER ORDERED** that Thomas Hankton's Opposed Motion for Expedited Review of His 28 U.S.C § 2255 Motion (R. Doc. 2614) is **DENIED AS MOOT**.

New Orleans, Louisiana, this 14th day of July 2025.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[15] *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001).